# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**MARINER HEALTHCARE, INC., et al.**                                                                 **PLAINTIFFS**

**V.**                                                    **CASE NO. 4:04CV246**

**TRESSIE GREEN, INDIVIDUALLY
AND ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF SUSIE GREEN, DECEASED**                **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the court on the motion [5-1] of defendant Tressie Green ("Green"), individually and on behalf of the wrongful death beneficiaries of Susie Green ("the decedent"), to dismiss this arbitration action. Plaintiff Mariner Health Care, Inc. ("Mariner") has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is not well-taken and should be denied.

Plaintiffs filed the instant complaint, pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 4, to compel the arbitration of claims raised against them by Green in a separate state court action. The underlying dispute giving rise to this arbitration action arose out of injuries allegedly suffered by the decedent during her residency at a nursing home facility owned and operated by Mariner. Green filed a tort action against the arbitration plaintiffs herein on or about July 1, 2004, and plaintiffs filed the instant complaint to compel arbitration on August 20, 2004.

In seeking to dismiss the arbitration complaint, Green raises several arguments, none of which has merit. Green initially argues that this case should be dismissed for Mariner's failure to

1

comply with the FAA's requirement that "five days notice" of the application for arbitration relief be provided. See 9 U.S.C. § 4. In this case, plaintiffs filed their arbitration complaint on August 20, 2004, and defendant was served with a copy of the complaint on or about August 31, 2004. Defendant argues that this demonstrates non-compliance with the notice requirement of the FAA. The court does not agree.

This court agrees with the federal courts which have interpreted the notice provision in the FAA as requiring the party opposing arbitration to be given five days' notice before a *hearing* is held regarding an application for arbitration. See Roque v. Applied Materials, Inc., 2004 WL 1212110 (D. Ore. 2004); Unionmutual Stock Life Ins. Co. of Am. v. Beneficial Life Ins. Co., 774 F.2d 524, 526 (1st Cir.1985). In the case at bar, no hearing on a petition to compel arbitration was held on less than five days' notice, and the court therefore concludes that no violation of the FAA's notice requirement occurred in this case. In addition, this court agrees with the conclusion of the Oregon District Court in Roque that "the notice and service provision in § 4 of the FAA is unnecessary where the party opposing arbitration has initiated litigation." See also First Family Fin. Serv., Inc. v. Fairley, 173 F. Supp. 2d 565, 572 (S.D. Miss. 2001) ("The Court cannot conceive of a more explicit refusal to arbitrate than the bringing of an arbitrable claim in state court that one has contractually agreed to arbitrate"). In this case, as in Roque, Green filed her state court action prior to the institution of the arbitration action, and, by doing so, she explicitly refused to arbitrate her claims. The fact that Green elected to file her state court action despite a pre-existing agreement to arbitrate these claims similarly defeats her argument that there is no "justiciable case or controversy" in this action.

Likewise without merit is Green's argument that this action should be dismissed for failure

2

to join the nursing home administrator as an indispensable party. Judge Tom S. Lee has correctly noted that "the fact that the defendant may have asserted claims in the state court suit against others who had some involvement in the underlying transaction does not make those others necessary parties" to an arbitration action. Bank One, N.A. v. Coates, 125 F. Supp. 2d 819, 822 (S.D. Miss. 2001)(citing Snap-On Tools, Corp. v. Mason, 18 F.3d 1261, 1266-67 (5th Cir. 1994) (nondiverse parties joined as alleged joint tortfeasors in state court action are not indispensable parties in a diversity-based motion to compel arbitration). In the case at bar, the nursing home itself, rather than the administrator personally, was a contracting party to the arbitration agreement in this case, and the Court therefore concludes that the nursing home administrator is not a necessary party to the present action. The court would note that Judge Davidson recently reached an identical conclusion in denying a motion to dismiss in another arbitration action filed by Mariner against a claimant similarly situated to King. See Mariner v. Ferguson, Cause No. 4:04cv245 (N.D. Miss. 2005).

The aforementioned arguments are the only ones submitted by Green which are relevant to the motion to dismiss. Green has submitted a litany of public policy arguments as to why arbitration agreements should be unenforceable in the nursing home context.[1] These arguments would only be relevant in response to a motion to compel arbitration, and the Court therefore declines to address them at this time. Green has requested that she be permitted to perform discovery regarding the arbitration issues in this case prior to responding to any motion to compel arbitration. While it is not

---

[1] The Court recognizes that the enforcement of arbitration agreements in the context of nursing home personal injury and wrongful death claims raises important public policy issues. However, the Fifth Circuit Court of Appeals has strongly favored arbitration in numerous contexts. To defeat such binding precedent, Green must support her policy arguments with legal authority, preferably Fifth Circuit authority, holding that arbitration agreements are unenforceable in the nursing home/personal injury context.

clear to this court how discovery will assist in resolving the arbitration issues in this case, the court will, out of an abundance of caution, grant the parties forty-five (45) days' from the entry of this order in which to conduct discovery regarding the enforceability of the arbitration provision herein.

In light of the foregoing, it is hereby ORDERED that Green's motion to dismiss [5-1] is denied, and her motion [16-1] for an expedited hearing is DISMISSED as moot. The parties shall have forty-five (45) days from the entry of this order to conduct discovery regarding the enforceability of the arbitration agreement in this case. A separate order to that effect shall issue this day.

This is the 15th day of July, 2005.

    /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**